MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 07 CV 3540 (LTS) (JCF)

June 9, 2008

Mansoor Alam
Plaintiff Pro-se
    Vs.
HSBC Bank USA N.A.
Defendant

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08
```

To

Hon, James C. Francis

PLAINTIFF'S MOTION FOR RECONSIDERATION OF
CLODSING DISCOVERY DATE AND DEPOSING MR.
JAVIER EVAN.  07 CIV 3540 (LTS)(JCF)

Dear Judge Francis:

This is a request for reconsideration of your denial note of May 29, 2008. I was just following the Discovery: Depositions ( Rules 27-32) as laid down in Manual for Pro-se litigant which does not limit the number of persons to be deposed, but in the mean time HSBC counsel has diverted the whole situation by her erroneous and inaccurate arguments. Puckett v. Cox, it was held that a Pro-se complaint requires less stringent reading than one drafted by lawyer ( 456 F2d 233(1972 Sixth Circuit USA). <u>There are issues of facts which are directly related to Javier Evan and he is the only one who can answer my questions.</u>

I was laid off on August 4, 2005 on the pretext that it is down sizing, but it was proved to be false; same day I was replaced by Mr. Marvin Lee who is far younger than me and no previous experience of the job. I would like to know what special education and experience Marvin Lee has that they had to let me go in order to bring him in, except I was 63 1/2 years old. Later they hired 5 more people, all of them are far younger than me and have no previous experience of the job that I was doing for decades. My questions regarding these can only be answered by Javier Evan.

Defense counsel has mentioned in her letter of May 16, 2008 that I had asked for measure of production for import and export documents; this is just diversion, I never asked their measure of production; I just asked the copy of their performance evaluation which is actually in their server, because they have claimed that only those rated "4" have been

laid off; copy of the actual input of 2004 performance evaluation will tell the truth that there are others also who were rated "4" but retained. Per your order they have produced 5 copies of actual input of performance evaluation including mine and I have found three discriminatory out of five, copies of two have been submitted to you with my response dated May 23, 2008 as exhibit A and B; this is the reason why the defense counsel is trying to avoid to produce the actual copies of performance evaluation of all others because this will expose their discriminatory activity more.

Defense counsel claims in her letter of May16,2008 that reviewing export documents takes more time, I completely discount it because I know, I remained L/C specialist 1 for long time, there were no body above me in this matter. It always depends upon documents itself, if export documents needs more time, supervisor reduces the number of minimum documents to be checked. Moreover export departments has another benefit that lot of documents sent on collection basis in which examination not needed. Both are guided by the same rule of UCP 500 and has same responsibility and same liability. Job factor is same and evaluation system is same. Defense counsel is just trying to divert the course of current. This is not the issue; the actual issue is why I want to depose Mr. Javier Evan. <u>He is a decision maker and have all the relevant information of the case and I must depose him</u>.

Further the Defense Counsel said, that almost 100 employees in 2003 were there and now there are just over 70 people today. I frankly said that I am not on fishing expedition, there are 315, 000 employees world wide; thousands of people goes out and thousands of people comes in every day, I have nothing to do with them, Defendant was asked to please tell me about my section from which I was laid off and my questions are related to my own immediate section. I have a right to impeach the assertions of the defendant, and this denial is excessively caused injuries to my case. <u>The defendant knows that the information Mr. Javier has is critical and will prove my case</u>. I was laid off, and immediately replaced by those who are much younger than I. <u>Age discrimination, and retaliation is to be critically proved by deposition of Mr. Javier.</u>

Your Honor those who replaced me had not a single month of experience in my position, and the defendant claimed that it was terminating me for three reasons. First was that my position was being eliminated. Second was my performance, the third was my production rate. Let Mr. Javier speak to the matters that the defendant claims were used for my dismissal. The defendant is trying to browbeat this court with absolute deception when it claims that Mr. Javier has nothing to add to my case. I may be a Pro-se, but I hold a college degree, and am able to read the law in plain English language. The defendant must not be allowed to hide Mr. Javier. I must be allowed to depose Mr. Javier.

The defendant counsel always tried to hide the facts, even until today's date ; Elsie Leung's information still hidden, because she was in mid thirties when she replaced Cil Santos who was 59 when she left and I was over 63 that is why this position was denied to me. Regarding Mehmet Rashi Ozturkmen; It is strange that they are laying off American people and bringing candidates from overseas and they call it downsizing. I

have experienced so much misrepresentation of facts that I have to verify relevant information from governmental records.

Beside the point, why I want to depose Javier Evan;-----amongst the case: Retaliation is one, because I sought protection under Title V11 of Civil Rights Act of 1964 which is material to a decision in the case which has been skillfully pushed to dungeon by HSBC counsel and in order to bring it out I must depose Mr. Javier Evan.

While deposing Ian L. Wright I asked several questions about retaliation, he abstained from answering them and referred to Human Resources. I asked him that he knew I have been discriminated, he referred to Human resources; therefore I must depose Mr. Javier Evan who runs the Human Resources to answer my questions concerning these also.

Again my prospective employer wrote to HSBC for verification and only Javier Evan can answer my questions relating to these.

My right to defend my self and oppose discrimination was denied and Mr. Javier was aware of this and he is the only one who can answer my questions regarding these.

The discovery is incomplete and I do not understand how the case can move to dispositive motion. Therefore your honor is requested to revoke your previous order and issue another order to defendant's counsel that they make available to Javier Evan for deposition and produce the necessary documents to complete the discovery.

Respectfully submitted.

Mansoor Alam
32 Clifton Street
Farmingdale, New York, N.Y.11735

6/10/08

C C HSBC Bank counsel
Meredith L. Friedman
Scott D. Miller
452 Fifth Avenue, 7th floor
New York, N.Y.10018

*Application for reconsideration denied. Plaintiff's purported basis for deposing Mr. Evans is still vague and conclusory.*

*SO ORDERED.*

*James C. Francis IV*
*USMJ*