UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MANSOOR ALAM,

       Plaintiff,

-v-                                      No. 07 Civ. 3540 (LTS)(JCF)

HSBC BANK USA, N.A.,

       Defendant.

-------------------------------------------------------x

### ORDER

       The Court has received the Plaintiff Mansoor Alam's "Motion for Interlocutory Appeal" filed June 20, 2008. On May 29, 2008, Magistrate Judge Francis denied Plaintiff's request that Judge Francis order HSBC to produce Mr. Javier Evan for a deposition. See Docket Entry No. 17. On June 10, 2008, Judge Francis denied Plaintiff's "Motion for Reconsideration of [Closing] Discovery Date and Deposing Mr. Javier Evan." See Docket Entry No. 19. The Court construes the June 20, 2008, submission as an objection to Magistrate Judge Francis's denial of Plaintiff's motion for reconsideration.

       Rule 72(a) of the Federal Rules of Civil Procedure and Section 636(b)(1)(A) of the Federal Magistrates Act govern this Court's review of objections to a magistrate judge's determination regarding non-dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b) (1)(A). Under Rule 72(a), the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b) (1)(A) (district judge may reconsider the magistrate judge's determination of a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Pre-trial discovery matters are non-dispositve and reviewed under this highly

deferential standard. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). Thus, in order to succeed on an objection to Judge Francis's determination regarding Plaintiff's ability to depose Mr. Evan, Plaintiff must show that the determination was "clearly erroneous or contrary to law." Plaintiff has failed to satisfy this burden.

In determining whether a "clear error" has occurred, the Court is not to ask whether it would have decided the matter differently, but "whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal quotations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Securities And Exchange Comm'n v. Thrasher, No. 92 Civ. 6987, 1995 WL 456402, at *12 (S.D.N.Y. Aug. 2, 1995). After thorough review of the Plaintiff's objection and the relevant papers, the Court cannot conclude that Judge Francis's conclusion that Plaintiff's purported basis for deposing Mr. Evan was vague and conclusory is clearly erroneous or contrary to law. Accordingly, Judge Francis's June 10, 2008, denial of Plaintiff's request for reconsideration is affirmed.

Dated: New York, New York
June 30, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge