UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MONSOOR ALAM,

    Plaintiff,

-v-

HSBC BANK USA, N.A.,

    Defendant.
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   SEP 2 8 2009
```

No.  07 Civ. 3540 (LTS)(JCF)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Monsoor Alam ("Plaintiff" or "Alam"), a former employee of Defendant

HSBC Bank USA ("Defendant" or "HSBC"), brings this action pro se against Defendant asserting

claims for employment discrimination and retaliation based on his religion and age, in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination

in Employment Act (the "ADEA"), 29 U.S.C. §§ 621 et seq.  Defendants moved for summary

judgment, and this Court referred the motion to Magistrate Judge James C. Francis, IV.  On August

13, 2009, Judge Francis issued a Report and Recommendation (the "Report") recommending that

Defendant's motion be granted.  Plaintiff filed timely objections to the Report, which the Court has

considered carefully.  For the following reasons, the Court adopts Judge Francis's recommendation

and grants Defendant's motion for summary judgment dismissing Plaintiff's claims.

The detailed facts and procedural history of this case are detailed in Judge Francis's

Report, familiarity with which is presumed. (See Docket Entry No. 60.)

### DISCUSSION

In reviewing a Report and Recommendation, the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C.A § 636(b)(1) (West 2006). Where the complaining party makes no timely objections to a report, the Court will review the report and recommendations strictly for clear error. See Johnson v. New York University School of Education, No. 00 Civ. 8117, 2003 WL 21433443 at *1 (S.D.N.Y. Jun.16, 2003); see also Bryant v. New York State Dep't of Corr. Servs., 146 F. Supp. 2d 422, 424-45 (S.D.N.Y. 2001) (court may accept portions of the report to which no objections have been made if it is "not facially erroneous"). The Court is required to make a de novo determination as to those aspects of the report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Constr. Corp., 00 Civ. 7552, 2002 WL 31886040, at *1 (S.D.N.Y. 2002); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Chabrier v. Leonardo, No. 90 Civ. 0173, 1991 WL 44838, at *1 (S.D.N.Y. Mar. 26, 1991); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. at 381-82.

Plaintiff's Objections

Plaintiff's objections consist primarily of the reiteration of conclusory assertions regarding his discriminatory treatment that he had previously proffered in opposition to the summary judgment motion and arguments regarding legal standards. The Court reads Plaintiff's objections to the Report to object specifically to Judge Francis's determinations that Alam's claim that HSBC had doctored a document to make it appear that Plaintiff had received an overall review score for 2001 of "4" was irrelevant, that there was no evidence that certain conflicts with one of

ALAM R&R.WPD          VERSION 9/28/09                                                    2

Plaintiff's supervisors and certain alleged general acts of discrimination were motivated by any age-related or religiously-based animus, that Plaintiff had failed to produce evidence supporting his theory that HSBC had hired someone years earlier with the intent of later firing and replacing an older worker, and that HSBC further discriminated against him by failing to offer him one of the five positions that were filled following Plaintiff's termination. The Court has reviewed these issues de novo. Plaintiff also reiterates conclusory arguments that Defendant breached an express or implied contract and that he was entitled to preferential rehire status because he was laid off.

Plaintiff argues that in the Report "it is admitted, 'papers submitted by HSBC were doctored to make it appear that his overall review score for 2001 was also a 4,'"and questions Judge Francis's characterization of this claim as irrelevant. (Pl's Obj. at 4.) The Report does not "admit" that papers were doctored by HSBC. Judge Francis merely states that Plaintiff's claim that this document was doctored (even if true) is irrelevant. Defendant's moving papers and Judge Francis's Report make clear that Defendant cites the 2004 performance as the basis for Plaintiff's inclusion in the reduction in force. Plaintiff's contentions regarding his 2001 performance, thus, are irrelevant.

Plaintiff also objects to Judge Francis's determination, in evaluating whether Plaintiff had established a prima facie case of discrimination, that there was no evidence that certain negative incidents between Plaintiff and his supervisor, and working conditions of which Plaintiff complains, were the products of any age-related or religiously-based animus. (Pl's Obj. at 10.) Judge Francis' determination is correct. The only connection between these incidents and Plaintiff's age and/or religion are Plaintiff's conclusory allegations that these he was singled out for these reasons. Plaintiff's unsubstantiated conclusory allegations are insufficient to frame the requisite genuine issue of material fact.

Plaintiff also objects to Judge Francis's determination that Plaintiff has failed to produce evidence supporting his theory that HSBC had hired someone years earlier with the intent of later firing and replacing an older worker, arguing that "[he] knows[s] because he ha[s] trained several such workers." (Pl's Obj. at 11.) Judge Francis' rejection of Plaintiff's unsubstantiated assertion was correct. Plaintiff's additional conclusory proffer as to his personal knowledge that the allegation as to HSBC's intentions and practice is true is insufficient to frame a genuine issue of material fact.

Similarly, Judge Francis correctly addressed Plaintiff's argument that HSBC further discriminated against Plaintiff by failing to offer him one of the five positions that were filled following Plaintiff's termination. (Pl's Obj. at 13.) Judge Francis found that HSBC had legitimate business reasons for not offering Plaintiff one of the five positions. Plaintiff's arguments that he should have been offered one of those positions are merely reiterations of his arguments to Judge Francis, who did not err in determining that the disposition of the five positions provided insufficient support for Plaintiff's claim of pretext. To the extent Plaintiff seeks to assert a claim based on alleged noncompliance with HSBC's employment policies or contractual arrangements rather than on religious or age discrimination, the Court declines to exercise supplemental jurisdiction of the claim in light of his failure to assert viable federal claims. See 28 U.S.C. § 1367(c)(3).

Plaintiff's remaining objections regarding his age and religiously-based discrimination claims and his intentional infliction of emotional distress claims consist of general, conclusory objections or restate arguments that Judge Francis considered in making his recommendation. The Court applies a clear error standard of review to these objections.

The Court has reviewed thoroughly Judge Francis's thorough, comprehensive and

well-reasoned Report and Plaintiff's objection, concurs in the Report's analysis of those issues as to which the Court has made de novo review, and finds no clear error in the Report as to the remainder of the issues addressed in Plaintiff's objections. Accordingly, the Court adopts Judge Francis's Report and Recommendation insofar as it recommends the dismissal with prejudice of Plaintiff's Title VII and ADEA claims. The Court declines to exercise supplemental jurisdiction of any of Plaintiff's state law claims, including his intentional infliction of emotional distress claim and any contract or employment policy-based claims, and grants Defendant's motion for summary judgment.

## CONCLUSION

For the reasons explained above and those stated in the Report, Defendant's motion for summary judgment dismissing Plaintiff's Title VII and ADEA claims is granted. The Court declines to exercise supplemental jurisdiction of Plaintiff's remaining claims. This Order resolves Docket Entry Nos. 45 and 61. The Clerk of Court is respectfully requested to enter judgment dismissing Plaintiff's federal claims and declining jurisdiction of the remainder, and to close this case.

SO ORDERED.

Dated: New York, New York
September 28, 2009

LAURA TAYLOR SWAIN
United States District Judge